RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0382p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CHAZ CONCRETE COMPANY, LLC; GRANT
TRUCKING, INC.; GREEN RIVER SEED AND SOD, INC.;
SWEENEY ENTERPRISES, INC.; doing business as
Kentucky Transfer Line, on behalf of themselves
and a class of persons similarly situated,

                                *Plaintiffs-Appellants,*

        *v.*

JAMES C. CODELL, III, Secretary of the Kentucky
Transportation Cabinet in his personal capacity; J.
M. YOWELL, Kentucky State Highway Engineer in
his personal capacity,

                              *Defendants-Appellees.*

No. 07-5870

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 03-00052—Karen K. Caldwell, District Judge.

Submitted: June 3, 2008

Decided and Filed: October 21, 2008

Before: DAUGHTREY and MOORE, Circuit Judges; DUGGAN, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Steven S. Reed, Kent Wicker, REED WICKER, Louisville, Kentucky, for Appellants.
William E. Johnson, JOHNSON, TRUE & GUARNIERI, Frankfort, Kentucky, Bridget Leigh
Dunaway, TAYLOR, KELLER, DUNAWAY & TOOMS, London, Kentucky, for Appellees.

---

## OPINION

---

      DUGGAN, District Judge. In this action, brought pursuant to the Racketeer Influenced and
Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, plaintiffs-appellants Chaz Concrete
Co., LLC, Grant Trucking, Inc., Green River Seed and Sod, Inc., and Sweeney Enterprises, Inc.

---

    [*] The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting
by designation.

alleged that defendants-appellees James C. Codell and J.M. Yowell employed mail fraud, 18 U.S.C. § 1341, in a scheme to defraud the United States Department of Transportation's Federal Highway Administration of money and property by certifying non-qualifying entities for participation in Kentucky's Disadvantaged Business Enterprise ("DBE") program. The district court granted summary judgment in favor of the defendants on the plaintiffs' RICO claims. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

Kentucky's DBE program is federally-mandated and administered through the Kentucky Transportation Cabinet's Office of Minority Affairs ("OMA"). Like all state DBE programs, Kentucky's DBE program was established to ensure that minority owned and operated small business concerns received contracts for work performed in federally-funded highway construction projects. The plaintiffs in this case are businesses that were certified as DBEs by the OMA. During the time period relevant to this lawsuit, the defendants were employed by the Cabinet and played a role in the certification of and award of contracts to DBEs.

RICO's civil remedy provision provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ." 18 U.S.C. § 1964(c). One subsection of § 1962 that is applicable in this case makes it "unlawful for any person employed by or associated with any enterprise engaged in" activities affecting "interstate or foreign commerce . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Id.* § 1962(c). RICO defines "racketeering activity" as, among other acts, any act indictable as mail fraud under 18 U.S.C. § 1341. *Id.* § 1961(1). The plaintiffs also alleged a claim under subsection (d) of § 1962, which makes it unlawful to conspire to violate subsections (a), (b), and (c) of § 1962.

Following a remand by this Court in *Chaz Construction, LLC v. Codell*, 137 Fed. Appx. 735 (6th Cir. May 11, 2005), the district court granted the defendants summary judgment on the plaintiffs' RICO claims. In granting the defendants summary judgment, the district court applied the then-existing precedent of this Court requiring a plaintiff asserting a civil RICO claim based on the predicate act of mail fraud to plead and prove reliance upon a statement made by a defendant to a plaintiff. The district court's application of this Court's then- existing precedent eliminated the plaintiffs' claims involving the majority of the alleged "schemes" at issue in this case, because the plaintiffs had failed to either proffer evidence that the defendants made a misrepresentation to the plaintiffs or that the plaintiffs relied on any such misrepresentation. As to the remaining "scheme" involving the defendants' alleged enticement of DBEs to bid on the Shawnee Expressway highway construction project, the district court found that there was no genuine issue of material fact as to whether the defendants knew that the alleged misrepresentation they made to the plaintiffs was false.

After the plaintiffs brought their present appeal and after oral argument was scheduled and later cancelled at the request of the parties, the Supreme Court issued a unanimous decision in *Bridge v. Phoenix Bond & Indemnity Company*, __ U.S. __, 128 S. Ct. 2131, 170 L. Ed. 1012 (2008). In *Bridge*, the Supreme Court held that "a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations." *Id.* at __, 128 S. Ct. at 2145. In so holding, the Supreme Court noted that a first-party reliance requirement finds no support in RICO's text. *Id.* at __, 128 S. Ct. 2139. Nor was the Supreme Court persuaded that common law rules and policy require it to impose a first-party reliance requirement for civil RICO claims predicated on mail fraud. *See id.* at __, 128 S. Ct. at 2139-45.

        Based on the Supreme Court's ruling in *Bridge*, the precedent of this Court relied on by the district court in granting summary judgment in the defendants' favor has been overruled and is no longer viable.  Accordingly, we **REVERSE** the district court's grant of summary judgment in the defendants' favor and **REMAND** the case for further proceedings consistent with *Bridge*.  On remand, the district court should also address the defendants' argument that any RICO violation they may have committed was not the proximate cause of the plaintiffs' alleged injury or injuries, a factually intensive inquiry that this Court is ill-equipped to resolve on the present record.